**FILED**
MAY - 1 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER CHARLES DAY, JR.,

    Petitioner,

v.

BARACK OBAMA,

    Respondent.

Case: 1:15-cv-00671 (G Deck)
Assigned To : Unassigned
Assign. Date : 5/1/2015
Description: Habeas Corpus/2241

## MEMORANDUM OPINION

The petitioner, a federal prisoner, *see* Pet. at 1, "was convicted of wire fraud, conspiracy to commit wire fraud, conspiracy to commit money laundering, and conspiracy to commit smuggling for his role as the mastermind of a multi-million dollar scheme to defraud the Department of Defense," and the court "imposed a sentence of 105 years in prison along with substantial fines, forfeitures, and restitution." *United States v. Day*, 700 F.3d 713, 716 (4th Cir. 2012) (affirming convictions and sentence); *cert. denied*, 133 S. Ct. 2038 (2013); *see* Pet. at 1. According to the petitioner, the respondent has violated 18 U.S.C. § 3192 by failing to ensure that the petitioner was tried only for offenses specified in the warrant of extradition. *See* Pet. at 2. The petitioner claims that he is restrained in violation of the United States Constitution, federal law, and the Extradition Treaty between the United States and Mexico. *See id.* at 2, 4.

Insofar as the petitioner attempts to obtain his release from custody by writ of habeas corpus under 28 U.S.C. § 2241, the petition must be denied. The proper respondent in a habeas corpus action is the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35

1



(2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). In this case, the proper respondent is the Warden of the United States Penitentiary in Terre Haute, Indiana. Because the proper respondent is not within this court's territorial jurisdiction, Petitioner's habeas petition is dismissed for lack of jurisdiction.

Petitioner also invokes the All Writs Act, 28 U.S.C. § 1651, and argues that the President defaulted on his statutory obligation under 18 U.S.C. § 3192 "to protect the petitioner from arrest, trial and punishment for offenses which were not charged in the extradition procedure." Pet. at 1. But even construing his petition as one for a writ of mandamus requiring the President to conform to what Petitioner asserts is the President's statutory responsibility to protect him, the petition must be denied. While in some circumstances writs of mandamus may be issued to require executive officers to perform purely "ministerial duties," it is doubtful that this Court may issue such writs against the President himself. *See Franklin* v. *Massachusetts*, 505 U.S. 788, 802–03 (1992) (noting that injunctive relief against "the President himself is extraordinary" and should "raise[] judicial eyebrows"); *Newdown v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010) (noting in dicta that "[w]ith regard to the President, courts do not have jurisdiction to enjoin him, and have never submitted the President to declaratory relief"); *Swan v. Clinton*, 100 F.3d 973, 977-78 (D.C. Cir. 1996) (declining to address whether the Court has the power to order the President to perform ministerial duties, and noting that "the reasons why courts should be hesitant to grant such relief are painfully obvious"). But even if such relief were available or Petitioner's injury could be redressed by way of a writ against other executive officials, *see*

2

*Swan*, 100 F.3d at 979, his claim would be barred by the doctrine of collateral estoppel. Ruling in Petitioner's favor would require this Court to adopt Petitioner's view as to whether a conviction for aiding and abetting constitutes a conviction for different offenses than those "specified in the warrant of extradition" for purposes of 18 U.S.C. § 3192. Because Plaintiff has been given a full and fair opportunity to litigate that issue, *see, e.g.*, Redacted Brief for Appellant at 8-15, *Day v. United States*, 700 F.3d 713 (4th Cir. 2012) (No. 11-5218), 2012 WL 1689236 at *8-15, and his claim has been rejected on the merits, *see Day*, 700 F.3d at 721-22, his claim would be barred by collateral estoppel. *See, e.g., Gulf Power Co. v. F.C.C.*, 669 F.3d 320, 323 (D.C. Cir. 2012) ("The doctrine of issue preclusion generally bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'") (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-749 (2001)).

Finally, the petitioner may not pursue a collateral attack on his sentence in this district, either. 28 U.S.C. § 2255 provides:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

*Id.* (emphasis added). In other words, a motion under "§ 2255 . . . is the proper means of attacking errors that occurred during or before sentencing," and "the only court with jurisdiction to hear [such claims] is the court that sentenced [the petitioner.]" *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (citations omitted). Here, the petitioner was sentenced by the federal district court for the Eastern District of Virginia.

For these reasons, the petition will be denied. An Order accompanies this Memorandum Opinion.

DATE: *April 6, 2015*

*/s/ Randolph D. Moss*
United States District Judge